IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey Jawan Robinson, #294233, | ) | C/A No. 5:14-4718-JMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Corey Jawan Robinson ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 46, 47. Previously, Respondent filed a different Return and Motion for Summary Judgment. *See* ECF Nos. 23, 24. On March 30, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 25. On April 10, 2015, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 30. On November 12, 2015, the undersigned instructed Respondent to withdraw its Return and Motion for Summary Judgment and re-file them so that certain omitted pages would be contained in the re-filed Return. ECF No. 42. On November 25, 2015, Respondent re-filed the Return and Motion for Summary Judgment. ECF Nos. 46, 47. On December 9, 2015, Petitioner filed a Response in Opposition to the re-filed Motion for Summary

Judgment indicating that he wished to stand by his original Response.[1] ECF No. 55. This matter is now ripe for review. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 47, be granted.

I.       Background

Petitioner is currently incarcerated in the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 2008, Petitioner was indicted at the August term of the Georgetown County Grand Jury for possession with intent to distribute crack cocaine ("PWID") (2008-GS-22-727), PWID marijuana (2008-GS-22-728); assault while resisting arrest (2008-GS-22-729); resisting arrest (2008-GS-22-966); and assault and battery of a high and aggravated nature ("ABHAN") (2008-GS-22-967). App. 5; 389-90; 395-96; 401-02.[2] Ultimately, the State only prosecuted the two PWID charges and the assault while being arrested charge. *See* App. 54. Petitioner proceeded to trial on March 16, 2009, and Attorney C. Reuben Goude initially represented Petitioner, and Assistant Solicitor T. Willett Andrew, II, represented the State. App. 1. Petitioner was tried before the Honorable Steven H. John. *Id.* After several pre-trial motions were raised and ruled upon and the jury was empaneled, Petitioner made a motion to relieve his counsel and proceed pro se. App. 39-48. After questioning Petitioner and informing him of his trial rights, Judge John granted Petitioner's motion to represent himself and relieved Attorney Goude as counsel. *See id.* At the conclusion of his trial, the jury found Petitioner guilty of PWID

---

[1] Though Petitioner references ECF No. 37 as his initial Response, ECF No. 30 is the correct docket entry.

[2] Citations to "App." refer to the Appendix for Petitioner's trial transcript, appeal from his sentence and conviction, and his claim for collateral relief in the state courts of South Carolina. That appendix is available at ECF No. 46-1, 46-2, and 46-3 in this habeas matter.

crack, PWID marijuana, and assault on an officer while resisting arrest. App. 192-93. Judge John sentenced Petitioner fifteen-years imprisonment for the PWID crack charge, ten-years imprisonment for the PWID marijuana charge, and ten-years imprisonment on the assault while resisting arrest charge. App. 199. Judge John ordered the sentences run concurrently. App. 199.

Deputy Chief Appellate Defender Wanda H. Carter represented Petitioner on direct appeal. App. 203. In an *Anders*' appellate brief,[3] Petitioner raised the following issue: "The lower court erred in allowing appellant to appear pro se at trial because there was no valid waiver of the right to counsel in the case." App. 206. Petitioner also filed a pro se brief with the court. App. 214-234. There, he argued the following issues on appeal, verbatim:

1.    The lower court erred in allowing arresting officer to make an illegal arrest without probable cause, which result from illegal detention, illegal search and illegal seizure of an unlawful arrest and denial of motion to suppress. App. 220, 222.

2.    State failed to prove actual possession by defendant of crack cocaine and marijuana found in bag on ground near where defendant was apprehended, State failed to prove constructive possession by defendant of crack cocaine and marijuana, defendant was entitled to judgment of acquittal. App. 220, 224.

3.    Appellant raise the facts, errors and prejudice on the grounds of false testimonies witnesses. App. 220, 226.

4.    Appellant raise the facts, errors and prejudice on the grounds of violation of motion in limine, hearsay evidence and money as evidence. App. 220, 228.

5.    The lower court erred in not granting appellant motion to quash the warrants and the defective of the CDR code in the indictments. App. 230.

On April 28, 2011, the South Carolina Court of Appeals dismissed Petitioner's appeal in an unpublished opinion and granted appellate counsel's petition to be relieved. App. 235. On May 9, 2011, Petitioner filed a Petition for Rehearing, ECF No. 46-5, which the court denied on June

---

[3] *See Anders v. California*, 386 U.S. 738 (1967).

1, 2011, ECF No. 46-6. On July 1, 2011, the South Carolina Court of Appeals issued a Remittitur. ECF No. 46-7.

## II.     Procedural History

Petitioner filed an application for Post-Conviction Relief ("PCR") on July 11, 2011 (2011-CP-22-00884). App. 236-58. Petitioner asserted the following allegations, recited verbatim, regarding his claims:

> a) United States Constitution and Article I § 10 of the South Carolina Constitution S.C. Code Ann § 17-13-140 (1985).
> b) And constructive possession and was entitled to judgment of acquittal.
> c) United States Constitution and article I §14 of the South Carolina State Constitution.
> d) 14th Amendment fair and impartial trial.
> e) Ineffective Assistant of Counsel.
> f) Subject Matter Jurisdiction and Exceeding Maximum Setence.
> g) Perjury.

App. 240. Assistant Attorney General Christina J. Catoe filed a Return on behalf of the State. App. 259-265. On February 15, 2012, Petitioner submitted an Amended PCR Application, App. 267-82, and Petitioner's PCR Counsel, Jason P. Boan, filed an "Amended Attachments to Petition for Post Conviction Relief," App. 283-88. The Amended Attachments contained the following responses:

**10.     State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:**

(a) Petitioner received Ineffective Assistance of Counsel under the Sixth and Fourteenth Amendments to the Under States Constitution and Article I §14 of the South Carolina State Constitution.

(b) Petitioner received Ineffective Assistance of Appellate Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I §14 of the South Carolina State Constitution.

4

(c) The Trial Judge abused his dicretion [sic] and/or Petitioner did not receive a fair trial under the due process clauses of the 5th, 6th, and 14th Amendments to the United States Constitution and Article I §14 of the South Carolina State Constitution.

**11.    State Concisely and in the same order the facts which support each of the grounds set out in (10).**

## A. PRE-TRIAL COUNSEL

1. Petitioner received Ineffective Assistance of Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I § 14 of the South Carolina State Constitution where pre-trial counsel failed to accurately inform Petitioner of the charges for which he had been indicted and his possible punishments. Counsel informed Petitioner, prior to Petitioner's decision to proceed with trial, that Petitioner was facing indictments for Possession with Intent to Distribute Cocaine Base 3rd offense, Possession with Intent to Distribute Marijuana 3rd offense, and Assaulting a Police Officer while Resisting Arrest when, in actuality, Petitioner had only been indicted for Possession with Intent to Distribute Cocaine Base 2nd offense, Possession with Intent to Distribute Marijuana 2nd offense, and Assaulting a Police Officer while Resisting Arrest. Petitioner would have pled guilty had he known that he faced the possibility of only receiving 5 years for a Possession with Intent to Distribute Cocaine Base 2nd offense instead of the mandatory 15 years for a Possession with Intent to Distribute Cocaine Base 3rd offense. Pre-trial counsel also never communicated any plea offers to Petitioner.

2. Petitioner received Ineffective Assistance of Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 §14 of the South Carolina State Constitution where pre-trial counsel failed to properly argue Petitioner's Motions to Suppress any evidence of the controlled substances at issue in this case. Pre-trial counsel argued that the seizure of Petitioner's person was unlawful thus making the later discovered controlled substances fruit of the poisonous tree. Pre-trial counsel failed to argue Petitioner's right to refuse an unlawful arrest and failed to argue that Petitioner could use force in evading such an unlawful arrest.

3. Petitioner received Ineffective Assistance of Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I § 14 of the South Carolina State Constitution where pre-trial counsel failed to argue Petitioner's Motions to quash the warrants and the indictments.

4. Petitioner received Ineffective Assistance of Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I § 14 of

the South Carolina State Constitution where pre-trial counsel failed to file a Motion for a hearing based on <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S.Ct. 2674 (1978).

5. Petitioner received Ineffective Assistance of Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 § 14 of the South Carolina State Constitution where pre-trial counsel failed to conduct a substantial investigation, adequately converse with and advise Petitioner prior to trial, prepare a defense, procure original warrants from Solicitor, or disclose discovery of the anonymous witness and the DVD to Petitioner.

6. Petitioner received Ineffective Assistance of Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I §14 of the South Carolina State Constitution where pre-trial counsel failed to follow Petitioner's instructions regarding jury selection and failed to make a Motion under <u>Batson v. Kentucky</u>, 476 U.S. 79, 106 S. Ct. 1712 (1986).

## B. <u>APPELLATE COUNSEL</u>

7. Petitioner received Ineffective Assistance of Appellate Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I §14 of the South Carolina State Constitution where appellate counsel failed to file a merits brief arguing the legitimate issue that the Petitioner should not have been sentenced to second offenses on both the Possession with Intent to Distribute Cocaine Base and Possession with Intent to Distribute Marijuana charges where the State did not offer any evidence to prove a prior conviction, as required.

8. Petitioner received Ineffective Assistance of Appellate Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I § 14 of the South Carolina State Constitution where appellate counsel failed to file a merits brief arguing the legitimate issue that the Motion to Suppress the introduction of the controlled substances into evidence should have been granted, as the controlled substances, even if believed to be in Petitioner's possession, were the fruit of an unlawful search and seizure of Petitioner.

9. Petitioner received Ineffective Assistance of Appellate Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I § 14 of the South Carolina State Constitution where appellate counsel failed to file a merits brief arguing the legitimate issue that Petitioner's Motion for a Directed Verdict at the close of the State's case should have been granted based on the lack of probable cause for the seizure of Petitioner.

10. Petitioner received Ineffective Assistance of Appellate Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article l

6

§ 14 of the South Carolina State Constitution where appellate counsel failed to file a merits brief arguing the legitimate issue that Petitioner's Motion for a Directed Verdict at the close of the State's case should have been granted based on the lack of a shred of evidence that Petitioner was in either actual or constructive possession of the controlled substances allegedly found at the place of Petitioner's arrest.

11. Petitioner received Ineffective Assistance of Appellate Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I § 14 of the South Carolina State Constitution where appellate counsel failed to file a merits brief arguing the legitimate issue that the indictments for Possession with Intent to Distribute Cocaine Base and Possession with Intent to Distribute Marijuana were, on their face, insufficient to inform Petitioner that he was facing charges of Possession with Intent to Distribute Cocaine Base Second Offense and Possession with Intent to Distribute Marijuana Second Offense.

12. Petitioner received Ineffective Assistance of Appellate Counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I § 14 of the South Carolina State Constitution where appellate counsel failed to file a merits brief arguing the legitimate issue that Petitioner did not make a free, voluntary, and informed waiver of his right to have counsel represent him at his trial.

## C. <u>OTHER</u>

13. The Trial Judge abused his [discretion] and Petitioner did not receive a fair trial under the due process clauses of the 5th, 6th, and 14th Amendments to the United States Constitution and Article I §14 of the South Carolina State Constitution where he was denied representation by counsel for his trial. Petitioner's decision to not go forward with appointed counsel did not constitute a knowing waiver of all counsel nor was it a knowing and intelligent request to proceed pro se. The Court never inquired of counsel whether Petitioner's allegations against him were true, and the Court never specifically asked Petitioner if he wanted to waive his right to counsel and proceed pro se.

14. Petitioner did not receive a fair trial under the due process clauses of the 5th, and 14th Amendments to the United States Constitution and Article I §3 of the South Carolina State Constitution where the solicitor elicited testimony from his witnesses that he knew to be false based on their previous testimony in a pre-trial hearing.

15. Trial Judge abused his [discretion] and Petitioner did not receive a fair trial under the due process clauses of the 5th, and 14th Amendments to the United States Constitution and Article I §3 of the South Carolina State Constitution

where the State intentionally violated the Court's Order in Limine not to suggest that any money found on Petitioner was linked to drugs or the selling of drugs, and the Court failed to ask the jury to disregard those statements.

16. The Trial Judge abused his discretion and Petitioner did not receive a fair trial under the due process clauses of the 5th , and 14th Amendments to the United States Constitution and Article I §3 of the South Carolina State Constitution where the Petitioner was sentenced to second offenses on both the Possession with Intent to Distribute Cocaine Base and Possession with Intent to Distribute Marijuana charges although the State did not offer any evidence to prove a prior conviction, as required.

17. Petitioner did not receive a fair trial under the due process clauses of the 5th, and 14th Amendments to the United States Constitution and Article I §3 of the South Carolina State Constitution where the indictments for Possession with Intent to Distribute Cocaine Base and Possession with Intent to Distribute Marijuana were, on their face, insufficient to inform Petitioner that he was facing charges of Possession with Intent to Distribute Cocaine Base Second Offense and Possession with Intent to Distribute Marijuana Second Offense.

App. 283-88. A PCR hearing convened on April 26, 2013, before the Honorable Larry B. Hyman. App. 289-379. Petitioner was present and represented by Jason P. Boans, Esq., and Tyson Andrew Johnson, Esq., appeared on behalf of the State. *Id.* In an Order filed June 4, 2013, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

## ALLEGATIONS

Applicant alleged in his Application for PCR that he is being held in custody unlawfully as a result of ineffective assistance of counsel. Applicant provided numerous allegations in his "Amended Attachments to Petition for Post Conviction Relief." Applicant also alleged his appellate counsel was ineffective in failing to file a merits brief on his issues.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing

8

and to closely pass upon their credibility. This Court has weighed the testimony accordingly.

Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (1985).

## Ineffective Assistance of Counsel

Applicant alleges his conviction at trial is the result of ineffective assistance of counsel. The burden of proof is on the applicant in a PCR proceeding to prove the allegations in his application. Bell v. State, 321 S.C. 238, 467 S.E.2d 926 (1996); Rule 71.1(e), SCRCP.

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Judge v. State, 321 S.C. 554, 471 S.E.2d 146 (1996).

In order to prove prejudice, an applicant must show that but for counsel's errors, there is a reasonable probability the result at trial would have been different. Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. Where trial counsel articulates a valid reason for employing certain trial strategy, such conduct should not be deemed ineffective assistance of counsel. Roseboro v. State, 317 S.C. 292, 454 S.E.2d 312 (1995); Stokes v. State, 308 S.C. 546, 419 S.E.2d 778 (1992).

This Court will now address the allegations of ineffective assistance of counsel:

## Applicant represented himself

Applicant alleges that his counsel was ineffective, and refers to him as "pre-trial counsel" in his PCR because Applicant represented himself for his trial. It is clear to this Court that Applicant by making an informed and voluntary decision to fire his lawyer and choosing to represent himself after being thoroughly advised and questioned about this decision by the trial judge, that Applicant's decision was knowing and voluntary, and that Applicant created the peril for which he now complains and blames "pre-trial counsel" for.

First, in the period leading up to trial, Applicant claimed counsel did not convey the state's offer to plea to PWID second to Applicant. This is sharply disputed by counsel, who testified that Applicant was charged with PWID third, resisting

arrest, assault and battery of high and aggravated nature, and assaulting an officer, and that he made it clear to Applicant that he had the opportunity to enter a plea to PWID second, but Applicant refused.

Counsel testified that on November 4, 2008, the assistant solicitor handling the case for the State mailed counsel a letter advising that as Applicant has two prior drug convictions for second offense, that if Applicant rejected the plea offer, the State would ask the judge to sentence Applicant under a third offense. Counsel testified he relayed this information and offer to Applicant, but that the offer made no difference to Applicant, who still chose a trial where he represented himself.

Counsel indicated that when the case was called the solicitor announced the charge would be a third offense, and that Applicant was told this and that he was facing a fifteen year minimum. Regarding the offer to plead to PWID second, counsel testified "I told Defendant" and "he said no, I ain't pleading guilty." Applicant now attempts to blame his trial counsel for the resulting verdict consequences of his decision to represent himself.

This Court finds counsel's version of events credible and Applicant not credible. This Court finds Applicant was aware of the consequences of waiving counsel, of proceeding as his own counsel, and the dangers of representing himself and Applicant's testimony to the contrary is not credible. This Court further finds Counsel's testimony credible and gives it great weight. This Court finds counsel relayed the plea offer to Applicant and that Applicant rejected the offer and elected to go to trial, where he lost. This claim is therefore denied.

Next, Applicant claims that counsel failed to argue his motions. The transcript reflects all of Applicant's motions were properly before the trial court, and that counsel gave competent representation in the face of a difficult client who sought to have him relieved. The Court notes that page 23 and 28-29 of the trial transcript reflect counsel submitted all of Applicant's motions, as well as his own, and the trial court ruled upon all of counsel and Applicants' motions. It is clear all of Applicant's motions were properly before the trial court, and the trial court dealt with those motions, but the court simply disagreed and ruled against Applicant. The record supports counsel's version of the trial, and casts a shadow over the credibility of Applicant's testimony and version of events. Therefore for this and the abovementioned reasons, this Court denied this allegation.

Finally, Applicant claims counsel struck a black male from the jury in some attempt to intentionally sabotage Applicant's case. Counsel in referring to his notes from the jury selection indicated the black male was struck because he was the son of a deputy, and a black female was the cousin of a deputy. In addition to failing to show errors of counsel in this regard, Applicant has failed to show prejudice resulting therefrom. This Court is not moved by Applicant's claims and

10

is instead persuaded by counsel's version of the events, therefore this claim is denied.

### Claims against Appellate counsel

Applicant claims his appellate counsel was ineffective for failing to file a merit brief on all Applicant's issues. Applicant provided no legal or factual support for this allegation. It is clear that appellate counsel appointed to represent an indigent defendant in his appeal from a criminal conviction does not have a constitutional duty to raise every non-frivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745 (1983). Indeed, an indigent defendant has no constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points. Id. Appellate counsel's representation will not be deemed ineffective if he makes an informed decision based on reasonable professional judgment not to pursue a particular issue on appeal. Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985). Furthermore, under the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984), an Applicant must show not only that counsel's performance was deficient, but that this deficiency prejudiced his defense. Applicant has failed to show with credible evidence either error or prejudice resulting therefrom, therefore this claim is denied.

### CONCLUSION

Based on the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this Application for Post-Conviction Relief must be denied and dismissed with prejudice.

This Court advises the parties that in order to secure the appropriate appellate review, notice of appeal must be served and filed within thirty (30) days after receipt by counsel of notice of entry of this order. See Rule 203 and 243 of the South Carolina Appellate Court Rules. This Court notes that post-conviction relief counsel must advise an applicant of the right to seek appellate review of a post-conviction relief order. State v. Bray, 366 S.C. 137, 620 S.E.2d 743 (2005). Also, pursuant to Austin v. State, 305 S.C.453, 409 S.E. 2d 395 (1991), an applicant has a right to an appellate counsel's assistance in seeking review of the denial of post-conviction relief. Rule 71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, post-conviction relief counsel must serve and file a notice of appeal on an applicant's behalf.

IT IS THEREFORE ORDERED:
1.  That the Application for Post-Conviction Relief must be denied and dismissed with prejudice; and

> 2.   The Applicant must be remanded to the custody of the Respondent.

App. 380-85. Attorney Boan filed a Notice of Appeal on Petitioner's behalf, ECF No. 46-8, and

also filed a Petition for Writ of Certiorari on Petitioner's behalf, dated May 1, 2014, ECF No. 46-

9. Therein, he presented the following issue for review:  "Did the circuit court err in holding that

Petitioner's appellate counsel was not ineffective in failing to file a merits brief on the issue that

the drugs should have been suppressed as they were the fruit of the poisonous tree of an illegal

arrest?" *Id.* at 3. The State filed a Return to the Petition on June 5, 2014. ECF No. 46-10. The

South Carolina Supreme Court denied the petition on November 20, 2014, ECF No. 46-11, and

issued the Remittitur on December 8, 2014, ECF No. 46-12. This federal habeas Petition

followed and was filed on December 15, 2014. ECF No. 1.

III.    Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus,

quoted verbatim:

> GROUND ONE: Appellate Counsel was ineffective in failing to file a merits brief
> on the issue that the drugs should have been suppressed as they were the fruit of
> the poisonous tree of an illegal arrest. ECF No. 1 at 5-6.
> Supporting Facts: Petitioner includes two pages of narrative in his supporting
> facts section. *See id.*
>
> GROUND TWO: Appellate counsel at direct appeal for failure to file a merit brief
> on direct verdict issue of petitioner was legally entitled to flee from the officer
> because they did not have reasonable suspicion nor probable cause to stop him
> and I was prejudice, (which appellate counsel procedure default my claim to be
> barred by not arguing it to the Supreme Court). *Id.* at 8-9.
> Supporting Facts: Petitioner includes two pages of narrative in his supporting
> facts section. *See id.*
>
> GROUND THREE:  Ineffective of Appellate Counsel failure to file a merit brief
> on direct verdict issue of failure to prove actual or constructive possession of

drugs an essential element of the offense, (which failure to raise on Appeal to Supreme Court caused a procedure default which barred my claim when it was preserved in order of dismissal). *Id.* at 10-11.

Supporting Facts: Petitioner includes two pages of narrative in his supporting facts section. *See id.*

GROUND FOUR:  Ineffective assistance of Appellate Counsel for not filing a merit brief on Trial Judge abused his discretion by erroneous admitting money over petition objection. *Id.* at 14.

Supporting Facts: Petitioner includes two pages of narrative in his supporting facts section. *See id.*

GROUND FIVE: Ineffective assistance of PCR counsel, PCR counsel was ineffective in failing to subpoena DVD video of police car tape, failure to request a Franks v. Delaware, hearing and giving erronous advice not to move for a continue because counsel Appellate was not necessary to be present to prove the issue of ineffective of assistance for failing to file a merits brief and I was prejudice under Martinez v. Ryans. *Id.* at 15.

Supporting Facts: Petitioner includes one page of narrative in his supporting facts section. *See id.*

GROUND SIX:  Ineffective Assistance of PCR Counsel under Martinez v. Ryans, under failure to preserved Prosectorial Misconduct and Newly After discovery evidence claim by filing a Rule 59(e) which was procedural default which barred my claim for Supreme Court review, and ineffective Assistance of PCR Counsel for not making an substantial investigation of the record on this issue. *Id.* at 16.

Supporting Facts: Petitioner includes one page of narrative in his supporting facts section. *See id.*

GROUND SEVEN:   Trial counsel was ineffective assistance for failing to properly argue suppression motion and request a Franks v. Delaware hearing. *Id.* at 17.

Supporting Facts: Petitioner includes one page of narrative in his supporting facts section. *See id.*

GROUND EIGHT:   Ineffective assistance of PCR counsel for not doing a conducted substantial investigation of the record by amending PCR application on ground that trial judge erred in not granting motion for a new trial and Appellate counsel was ineffective in not briefing this issue in a merit brief at direct appeal and I was prejudice under Martinez v. Ryans. *Id.* at 18.

Supporting Facts: Petitioner includes one page of narrative in his supporting facts section. *See id.*

GROUND NINE:  Trial Judge erred in not granting motion to suppress evidence. *Id.* at 19.
Supporting Facts: Petitioner includes one paragraph of supporting facts and references supporting facts for Ground One. *See id.*

GROUND TEN:  Trial Judge erred in not granting motion for direct verdict failure to prove actual or constructive possession. *Id.* at 20.
Supporting Facts:  Petitioner references the supporting facts for Ground Three. *See id.*

GROUND ELEVEN: The trial judge erred in allowing petitioner to appear pro se at trial because there was no valid waiver of the right to counsel in the case. *Id.* at 21.
Supporting Facts: Petitioner includes one page of narrative in his supporting facts section. *See id.*

GROUND TWELVE: Ineffective assistance of PCR counsel for failure to conduct a substantial investigation of the record of newly after discovery evidence which proves Prosectorial Misconduct of Brady violation. *Id.* at 22.
Supporting Facts: Petitioner includes one page of narrative in his supporting facts section. *See id.*

GROUND THIRTEEN: Ineffective assistance of PCR counsel for failure to conduct a substantial investigation of the record of newly after discovery evidence which proves Prosecutorial Misconduct of ABA Standards for Criminal Justice, Rules of Prof. Conduct, Rule 3.8(d). *Id.* at 23.
Supporting Facts:  Petitioner references the supporting facts for Ground Twelve. *See id.*

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.  Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or

15

involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362,  (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

### a.   Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). Recently, the Supreme Court provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. In *Harrington*, the Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. 362, 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

b. Ineffective Assistance of Counsel

17

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id.* at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks omitted); *Pinholster*, 131 S. Ct. at 1403.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 131 S. Ct. at 1398. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id.* at 1399. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id.* at 1397. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id.* The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts. 131 S. Ct. at 1398. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be

18

presented in a federal habeas court "would be contrary to that purpose." 131 S. Ct. at 1399 (internal citation and quotation marks omitted).

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" *Id.* (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

## 2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)       (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

           (A)     the applicant has exhausted the remedies available in the courts of the State; or

           (B)     (i) there is an absence of available State corrective process; or

                (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

       (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

       (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)       An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by U.S. v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law

requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR;
S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d
767, 770 (S.C. 1976).  If the PCR court fails to address a claim as is required by section 17-27-80
of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the
judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a
procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C.
2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina
courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year
of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may
present only those issues that were presented to the South Carolina Supreme Court or the South
Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding
"that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not
be required to petition for rehearing and certiorari following an adverse decision of the Court of
Appeals in order to be deemed to have exhausted all available state remedies respecting a claim
of error") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*,
471 S.E.2d 454, 454 (S.C. 1990)).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the
doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise
that issue at the appropriate time in state court and has no further means of bringing that issue
before the state courts. In such a situation, the person has bypassed his state remedies and, as

such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996)).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray v. Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### III.    Analysis

#### A.  Procedurally-Barred Grounds

23

Here, Petitioner presents four types of Grounds: Appellate Counsel Error (Grounds One-Four), PCR Counsel Error (Grounds Five-Six; Eight; Twelve-Thirteen); Trial Counsel Error (Ground Seven); and Trial Court Error (Grounds Nine-Eleven). As an initial matter, Respondent maintains that Petitioner has only exhausted Ground One in state court—that appellate counsel was ineffective in failing to file a merits brief on the issue that the drugs should have been suppressed as they were the fruit of the poisonous tree of an illegal arrest. ECF No. 46 at 21. This claim was raised to the South Carolina Supreme Court's attention in Petitioner's PCR appeal.

The undersigned disagrees with Respondent's assertion that Ground One is the only exhausted habeas ground. The undersigned finds that Grounds Nine and Eleven were raised on direct appeal. Petitioner raised Ground Nine in his direct appeal pro se brief, *see* App. 220-222, and Petitioner's appellate counsel raised Ground Eleven in his counseled brief to the Supreme Court, App. 203-06. However, other than Grounds One, Nine, and Eleven, all other grounds are procedurally barred from habeas review. *See, e.g. Coleman v. Thompson,* 501 U.S. at 728-29 (issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas); *Williams v. Warden*, No. 4:08-2312-SB, 2009 WL 3052487, at *13 (D.S.C. Sept. 23, 2009) (finding that because petitioner "did not properly present this claim to the state's highest court in a procedurally viable manner when he had the opportunity, and the state courts would find any attempt to raise the claim now to be procedurally improper, then the claim is procedurally barred from review in federal habeas corpus"). However, Petitioner raises the case of *Martinez v. Ryan*, to support his assertion that certain PCR counsel errors should be excused.

The *Martinez* case holds that procedural default based on PCR counsel error will be excused in certain instances. 132 S.Ct. 1309 (2012). However, the *Martinez* case does not stand for the proposition that allegations of error of appellate counsel, trial counsel, or the trial court that were procedurally defaulted in state court may be excused and addressed on the merits. Therefore, the undersigned finds that Appellate Counsel Error Grounds Two-Four; Trial Counsel Error Ground Seven; and Trial Court Error Ground Ten are procedurally defaulted and not reviewable on the merits, at least not under the holding of *Martinez*. The undersigned will address whether *Martinez* will excuse the procedural default of Grounds Five, Six, Eight, Twelve, and Thirteen in the following section.

Concerning Grounds Two, Three, Four, Seven, and Ten, Petitioner may, nonetheless, overcome procedural defaults and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. *See Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602-03 (4th Cir. 1996). The existence of cause ordinarily turns upon a showing of: 1) a denial of effective assistance of counsel, 2) a factor external to the defense which impeded compliance with the state procedural rule, or 3) the novelty of the claim. *Murray*, 477 U.S. at 488. Having reviewed the record, evidence, and the parties' legal memoranda, the undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of the Appellate Counsel Error; Trial Counsel Error; and Trial Court Error. Thus, Grounds Two, Three, Four, Seven, and Ten are procedurally barred from consideration by this court and should be dismissed. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would

have been different); *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.").

In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* (internal citation omitted). The court's review of the record does not support a showing of any cause and prejudice or actual innocence to excuse the default. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. The undersigned therefore recommends that the Respondent's Motion for Summary Judgment be granted as to these grounds.[4]

B.  Allegations of PCR Counsel Error—Grounds Five, Six, Eight, Twelve, and Thirteen

Respondent acknowledges that Petitioner argues *Martinez* excuses the procedural default of PCR Counsel error. ECF No. 46 at 47-49. However, Respondent argues that Petitioner "is not entitled to relief on any of these claims because an allegation that he received ineffective assistance of state PCR counsel does not state a claim upon which this Court may grant relief." *Id.* at 48.

In *Martinez*, the Supreme Court reviewed a case where an Arizona state prisoner petitioned for writ of habeas corpus. *Id.* at 1310. Arizona, like South Carolina, requires "claims

---

[4] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Grounds Two, Three, Four, Seven, and Ten.

of ineffective assistance at trial to be reserved for state collateral proceedings." *Id.* at 1314. Martinez's attorney in his state collateral proceeding filed a notice for PCR, however, she later filed a statement "asserting she could find no colorable claims at all." *Id.* Ultimately, Martinez's PCR action was dismissed. *Id.* Later, with the assistance of new PCR counsel, Martinez filed a second notice for PCR where he raised several ineffective-assistance-of-trial-counsel claims. *Id.* However, the Arizona trial and appellate courts denied Martinez relief because he failed to raise his second PCR claims in the first PCR. *Id.* In his district court habeas petition, Martinez raised his ineffective-assistance-of-trial-counsel claims. *Id.* There, he argued that he should overcome any procedural hurdles related to these claims because his first PCR counsel was ineffective in failing to raise any claims in the first PCR action. *Id.* at 1314-15.

There, the Supreme Court held that "[i]nadequate assistance of counsel at *initial-review collateral proceedings* may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315 (emphasis added). In its analysis, the *Martinez* Court recognized that *Coleman v. Thompson*, 501 U.S. 722, 754 (1991), held:

> [A]n attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims.

*Id.* at 1317. If a state requires a prisoner to raise ineffective assistance of trial counsel in a collateral proceeding, the *Martinez* Court determined a prisoner may establish cause for a default of an ineffective-assistance claim in the following two circumstances:

> [1] where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial [and 2] where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466

27

U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318.

In some instances, *Martinez* will allow a procedurally-barred claim to be reviewed on the merits when the PCR attorney was ineffective or failed to raise a ground on collateral review. Grounds Five, Six, Eight, Twelve, and Thirteen are admittedly procedurally defaulted from habeas review, but Petitioner raises *Martinez* to establish cause for the default. However, to overcome the default, *Martinez* requires Petitioner to demonstrate that the underlying *ineffective-assistance-of-counsel* claim is substantial or has merit. *See id.*

The undersigned agrees with Respondent that *Martinez* does not establish cause to excuse the procedural default of Grounds Five, Six, Eight, Twelve, and Thirteen. In these Grounds, Petitioner does not argue that PCR counsel erred in failing to raise *trial counsel error*, as required by *Martinez*. Rather, Petitioner argues that his PCR counsel was ineffective in his PCR representation. Therefore, *Martinez* cannot serve to excuse the procedural default of Grounds Five, Six, Eight, Twelve, and Thirteen. Accordingly, the undersigned recommends granting Respondent's Motion for Summary Judgment on these Grounds.

C.  Merits-Grounds One, Nine, and Eleven

1. Ground One-Appellate Counsel Error in Failing to Raise Suppression of Drugs

In Ground One Petitioner alleges his "Appellate Counsel was ineffective in failing to file a merits brief on the issue that the drugs should have been suppressed as they were the fruit of the poisonous tree of an illegal arrest." ECF No. 1 at 5-6.  Respondent argues "the state courts' rejection of [Petitioner's] claim was not 'contrary to' and did not involve an 'unreasonable

28

application of" clearly established United States Supreme Court precedent under § 2254(d)(1)."

ECF No. 46 at 23. The undersigned agrees.

> In the denial order, the PCR Court held:
>
> [Petitioner] claims his appellate counsel was ineffective for failing to file a merit brief on all [Petitioner's] issues. [Petitioner] provided no legal or factual support for this allegation. It is clear that appellate counsel appointed to represent an indigent defendant in his appeal from a criminal conviction does not have a constitutional duty to raise every non-frivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745 (1983). Indeed, an indigent defendant has no constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points. Id. Appellate counsel's representation will not be deemed ineffective if he makes an informed decision based on reasonable professional judgment not to pursue a particular issue on appeal. Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985). Furthermore, under the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984), an Applicant must show not only that counsel's performance was deficient, but that this deficiency prejudiced his defense. [Petitioner] has failed to show with credible evidence either error or prejudice resulting therefrom, therefore this claim is denied.

App. 383-84.

Where ineffective assistance of appellate counsel is alleged, the Petitioner must show that appellate counsel's performance was (1) deficient; and (2) that there was prejudice from the appellate counsel's deficiency. *Southerland v. State,* 524 S.E.2d 833, 836 (1999). To be effective, appellate counsel must give assistance of such quality as to make appellate proceedings fair. *Id.* Appellate counsel must provide effective assistance but need not raise every non-frivolous issue presented by the record. *Id.* Appellate counsel has a professional duty to choose among potential issues according to their merit. *Jones v. Barnes,* 463 U.S. 745, 751-52 (1983). Where the strategic decision to exclude certain issues on appeal is based on reasonable

professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. *Griffin v. Aiken,* 775 F.2d 1226 (4th Cir. 1985).

When a claim of ineffective assistance of appellate counsel is based upon failure to raise viable issues, the court must examine the record to determine "whether appellate counsel failed to present significant and obvious issues on appeal." *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986). Generally, the presumption of effective assistance of counsel will be overcome only when the alleged ignored issues are clearly stronger than those actually raised on appeal. *Id.*

Here, Appellate counsel filed an *Anders* brief. ECF No. 46-1. "The purpose of filing a brief under *Anders* is to ensure the *merits* of the appeal are not overlooked. The court has to conclude independently, regardless of counsel's conclusion, whether or not the appeal has merit before it can dismiss the appeal." *State v. McKennedy,* 559 S.E.2d 850, 855 (S.C. 2002) (emphasis in original). The Court of Appeals dismissed Petitioner's appeal pursuant to *Anders* and *State v. Williams,* 406 S.E.2d 357 (S.C. 1991). ECF No. 46-1. The PCR court found that Petitioner's allegation of ineffective assistance of appellate counsel was without merit, noting: "appellate counsel appointed to represent an indigent defendant in his appeal from a criminal conviction does not have a constitutional duty to raise every non-frivolous issue requested by the defendant." App. 383-84. The PCR court's denial of relief on this ground was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. *See Williams,* 529 U.S. at 398. Further, Petitioner cannot show appellate counsel's failure to raise the drug suppression issue was objectively unreasonable or that if he had raised the issue there was a reasonable probability Petitioner would have prevailed.

30

*See Smith*, 528 U.S. at 285. Therefore, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to this ground.

2.  Ground Nine-Trial Court's Failure to Grant Motion Suppressing Evidence

In Ground Nine Petitioner maintains the trial court erred in not granting a motion to suppress drug evidence as fruit of the poisonous tree of an illegal arrest. ECF No. 1 at 19. Respondent argues that this ground fails to state a claim on which habeas relief can be granted. ECF No. 46 at 53. In support of his argument, Respondent cites the Supreme Court case of *Stone v. Powell*, 428 U.S. 465 (1976). *Id.*

In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained through an unconstitutional search and seizure was introduced at his trial." *Id.* at 481-82. In applying *Stone*, the Fourth Circuit Court of Appeals held the reviewing court should "first inquire as to whether or not the petitioner was afforded the opportunity to raise his Fourth Amendment claims under the then existing state practice." *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir. 1978). Further, the *Doleman* court held that once the court has confirmed that petitioner was provided with the opportunity to present his Fourth Amendment claim, "it need not inquire further into the merits of the petitioner's case. . . ." *Id.*

In Petitioner's case, there were four pre-trial motions before the trial court—two written motions to suppress the evidence, a written motion quash the arrest warrant, and a written motion to quash the indictment. App. 28. The court held pre-trial hearings on the motions and denied Petitioner's motion to suppress. App. 29. Having determined that Petitioner was afforded the

31

opportunity to raise his Fourth Amendment claims in state court, the undersigned finds that pursuant to *Doleman*, the inquiry should stop here because the merits of the trial court's ultimate decision on the Fourth Amendment claims is not reviewable. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Nine.

    3.  Ground Eleven-Trial Court's allowing Petitioner to appear pro se

    In Ground Eleven, Petitioner alleges the trial court erred in allowing him to appear pro se at trial because there was no valid waiver of the right to counsel in this case. ECF No. 1 at 21. Respondent argues that Ground Eleven is procedurally defaulted. ECF No. 46 at 55. Specifically, Respondent maintains that although Petitioner's appellate counsel presented the same claim in an Anders brief to the South Carolina Court of Appeals, the appellate court could not reach the merits of the argument because Petitioner failed to present the issue to the trial court. *Id.* at 55-56.

    The undersigned finds Ground Eleven is procedurally defaulted because Petitioner failed to raise Ground Eleven to the trial court's attention. *See e.g., Weeks v. Angelone,* 176 F.3d 249, 269 (4th Cir. 1999) ("Under the well-established doctrine of procedural default, a federal *habeas* court may not review a claim that a state court has found to be clearly and expressly defaulted under an independent and adequate state procedural rule unless the prisoner can demonstrate cause for the default and prejudice resulting therefrom or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice."); *Howard v. Moore,* 131 F.3d 399, 420 (4th Cir. 1997) ( "Errors at trial not objected to, in contravention of State contemporaneous objection rules, are not cognizable in federal *habeas corpus* proceedings, absent a showing of cause for non-compliance and prejudice."); *McKenzie v. Cartledge*, No. 8:13-CV-02488-RBH,

32

2014 WL 3919711, at *2 (D.S.C. Aug. 11, 2014) *appeal dismissed*, 595 F. App'x 240 (4th Cir.

2015) (where the district court affirmed finding of a procedural bar where "Petitioner raised the

issue on direct appeal to the South Carolina Court of Appeals, [and] the appellate court found

that the issue was unpreserved for direct review. Indeed, South Carolina appellate courts require

that issues be adequately raised to and ruled upon by a trial court for appellate review for

error."). The trial court conducted a thorough colloquy with Petitioner regarding his request to

relieve his appointed counsel and represent himself at trial. App. 39-47. At no time did Petitioner

object to the court's acquiescence in relieving his trial counsel or to his valid waiver of counsel.

Accordingly, because this issue is procedurally defaulted, the undersigned recommends

Respondent be granted Summary Judgment as to Ground Eleven.

IV.     Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's

Motion for Summary Judgment, ECF No. 47, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

March 2, 2016                                                    Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**