**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Corey Jawan Robinson,  )<br>  )<br>            Petitioner,  )<br>  )<br>v.  )<br>  )<br>Joseph McFadden, Warden,  )<br>  )<br>            Respondent.  )<br>_____ ) | Civil Action No.: 5:14-cv-04718-JMC<br><br>**ORDER AND OPINION** |

      Petitioner Corey Jawan Robinson ("Petitioner"), a state prisoner, filed this *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging thirteen numbered Grounds for relief. (ECF No. 1.) In Grounds Nine, Ten, and Eleven, respectively, Petitioner alleges that the trial court erred by not granting his motion to suppress evidence, by not granting his motion for directed verdict on the ground that the prosecution had failed to prove his actual or constructive possession of the drugs at issue in his case, and by allowing him to appear *pro se* at trial when he had not waived his right to counsel. (*Id.* at 19-21.) In Ground Seven, Petitioner alleges that his trial counsel rendered ineffective assistance of counsel ("IAC") by failing to properly argue a motion to suppress and to request a *Franks*[1] hearing. (*Id.* at 17.) In Grounds One, Two, Three, and Four, respectively, Petitioner alleges that his counsel in his direct appeal rendered IAC by failing to file a merits brief on the issues of whether drugs used as evidence in Petitioner's trial should have been suppressed, whether a directed verdict was warranted because Petitioner was entitled to flee from an arresting officer who lacked reasonable suspicion to detain him, whether a directed verdict was warranted because of the prosecution's failure to prove actual or constructive possession of the

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

1

drugs as an essential element of the crime, and whether the trial court abused its discretion in admitting physical evidence over Petitioner's objection. (*Id.* at 6-14.) In Grounds Five, Six, Eight, Twelve, and Thirteen, respectively, Petitioner alleges that his counsel during post-conviction relief ("PCR") proceedings rendered IAC by failing to subpoena a video recording from a police car's camera, request a *Franks* hearing, and move for a continuance; failing to preserve prosecutorial misconduct and newly-discovered-evidence claims by filing a S.C. App. Ct. R. 59(e) motion; failing to conduct a substantial investigation of the record and amend the PCR application to include claims that the trial court erred in not granting Plaintiff's motion for a new trial and that appellate counsel rendered IAC by not raising this issue in a merits brief; failing to conduct a substantial investigation of the record after new evidence demonstrated prosecutorial misconduct and a *Brady*[2] violation; and failing to conduct a substantial investigation of the record after new evidence demonstrated prosecutorial misconduct under American Bar Association standards. (*Id.* at 15-16, 18, 22-23.)

This matter is before the court on Respondent Joseph McFadden's ("Respondent") Motion for Summary Judgment (ECF No. 47.)[3] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West, for pre-trial handling. On March 2, 2016, the Magistrate Judge issued a Report and Recommendation recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 58.) This review considers Petitioner's Objections to the Report and Recommendation

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

[3] Respondent filed an initial Return and Motion for Summary Judgment on March 30, 2015. (ECF Nos. 23, 24.) The Magistrate Judge instructed Respondent to withdraw the initial filings and re-file them so that certain omitted pages would be contained in the re-filed Return. (ECF No. 42.) Respondent re-filed the Return and Motion for Summary Judgment on November 25, 2015. (ECF Nos. 46, 47.)

("Objections") (ECF No. 64), Respondent's response thereto (ECF No. 66), and Petitioner's reply (ECF No. 68). For the reasons set forth herein, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (ECF No. 58), **GRANTS IN PART** and **DENIES IN PART** Respondent's Motion for Summary Judgment (ECF No. 46), **DENIES** Grounds One through Nine and Eleven through Thirteen of the Petition (ECF No. 1), and **REMANDS** the matter to the Magistrate Judge.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report and Recommendation is accurate, except in one respect discussed below, and, aside from this exception, the court adopts the summary. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

The Magistrate Judge determined that Petitioner's claims under Grounds Two, Three, Four, Five, Six, Seven, Eight, Ten, Twelve, and Thirteen are procedurally barred because Petitioner has failed to exhaust the claims in state court, and the claims could no longer be raised there. (ECF No. 58 at 24.); *see generally Woodford v. Ngo*, 548 U.S. 81 (2006); *Hedrick v. True*, 443 F.3d 342 (4th Cir. 2006). With respect to Grounds Two, Three, Four, Seven, and Ten, the Magistrate Judge determined that, although Petitioner asserted that his failure to raise the claims should be excused under *Martinez*,[4] that case was of no aid to Petitioner because he failed to assert that the cause for his failure to raise the claims was his PCR counsel's error. (ECF No. 58 at 25.) With respect to Grounds Five, Six, Eight, Twelve, and Thirteen, she determined that *Martinez* did not apply because none of the underlying defaulted claims involved trial counsel's IAC. (*Id.* at 26-28.) The Magistrate Judge further found with respect to all of these Grounds that Petitioner had otherwise

---

[4] *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012).

failed to demonstrate that cause and prejudice or a miscarriage of justice excused his procedural default. (*Id.* at 25-26.)

The Magistrate Judge determined that the Ground One claim should be denied on the merits because the PCR court's decision to deny Petitioner's claim that his appellate counsel rendered IAC by not filing a merits brief on the issue of whether the drugs at issue in his case should have been suppressed was not an unreasonable application of clearly established federal law. (*Id.* at 29 (citing *Williams v. Taylor*, 529 U.S. 362, 398 (2000); *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Jones v. Barnes,* 463 U.S. 745, 751-52 (1983); *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986); *Griffin v. Aiken,* 775 F.2d 1226 (4th Cir. 1985); *Southerland v. State,* 524 S.E.2d 833, 836 (1999)).) Regarding Petitioner's Ground Nine claim, the Magistrate Judge noted that a state trial court's decision not to suppress evidence over Petitioner's objection based on the Fourth Amendment is not reviewable in a § 2254 proceedings so long as the state provided a mechanism for the Fourth Amendment argument to be heard and Petitioner's opportunity to fully and fairly present the argument through the mechanism was not impaired. (*Id.* at 31 (citing *Stone v. Powell*, 428 U.S. 465, 489-95 (1976); *Doleman v. Murphy*, 579 F.2d 1258, 1265 (4th Cir. 1978)).) The Magistrate Judge determined that, because the state provided a mechanism to address the argument and because Petitioner was afforded an opportunity to fully and fairly present it, the claim was not cognizable. (*Id.*) The Magistrate Judge determined that Petitioner procedurally defaulted his Ground Eleven claim because he failed to raise at trial any argument regarding his waiver of his right to counsel. (*Id.* at 32-33 (citing *Weeks v. Angelone,* 176 F.3d 249, 269 (4th Cir. 1999); *Howard v. Moore,* 131 F.3d 399, 420 (4th Cir. 1997); *McKenzie v. Cartledge*, No. 8:13-CV-02488-RBH, 2014 WL 3919711, at *2 (D.S.C. Aug. 11, 2014)).)

## II. LEGAL STANDARD AND ANALYSIS

### A. Standard of review

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### B. The exhaustion requirement

"Before seeking federal habeas review of a claim, a [state prisoner] ordinarily must raise that claim in the state court, complying with state procedural rules and exhausting available state remedies." *Gray v. Zook*, 806 F.3d 783, 797-98 (4th Cir. 2015) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "It is the general rule that after issues have been properly presented on direct appeal from a conviction to the highest state court to which resort may be had, a federal habeas petitioner will be deemed to have fully complied with the exhaustion requirement, since further resort to state courts may fairly be considered futile after the state's highest court has passed on the issues presented." *Thomson v. Peyton*, 406 F.2d 473, 474 (4th Cir. 1968) (per curiam); *accord O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *cf. Lyons v. Weisner*, 247 F. App'x 440, 446 n.4 (4th Cir. 2007) (explaining petitioner "exhausted his claim by raising it on direct appeal [even though he did not raise it in state post-conviction proceeding], which is sufficient in North Carolina to exhaust a claim for federal habeas purposes").

The South Carolina Supreme Court has held that the presentation of claims to the South Carolina Court of Appeals, alone, is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. Accordingly, a claim would not be procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR application.

In order to exhaust state remedies, a § 2254 petitioner must provide the state "the 'opportunity to pass upon and correct alleged violation of . . . federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). "To provide the State with the necessary 'opportunity,' the [petitioner] must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Id.* "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim." *Id.* at 32.

**C. The court's evaluation**

Although Petitioner's objections are rambling and lack clarity, because he is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even liberally construed, however, the court concludes, with one exception, that Petitioner's objections are either conclusory, irrelevant, or merely rehash the arguments that

were already before the Magistrate Judge based on the state court records and the parties' contentions contained in their memoranda, responses, and replies. Because the court perceives no clear error in the Magistrate Judge's determinations against which Petitioner lodges only conclusory objections, those objections must be overruled.[5] Furthermore, as the remainder of Plaintiff's objections merely repeat the evidence and arguments presented to the Magistrate Judge, which the Magistrate Judge thoroughly considered and correctly assessed,[6] the court overrules Plaintiff's objections and accepts the Magistrate Judge's Report and Recommendation without elaboration except for the objection discussed below. *See In re Brady-Zell*, 756 F.3d 69, 71 (1st Cir. 2014) ("[W]hen lower [tribunal]s have supportably found the facts, applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate."); *accord Moses v. Mele*, 711 F.3d 213, 215-16 (1st Cir. 2013); *In re Curry*, 509 F.3d 735, 735 (6th Cir. 2007); *Nichols v. Reno*, 124 F.3d 1376, 1378 (10th Cir. 1997).

Only one objection lodged by Petitioner warrants discussion. In his Ground Ten claim, Petitioner alleges that the "Trial Judge erred in not granting [his] motion for direct verdict [based on the prosecution's] failure to prove actual or constructive possession [of the drugs at issue]." (ECF No. 1 at 20.) The Magistrate Judge determined that Petitioner failed to exhaust this claim by

---

[5] The vast majority of these conclusory objections involve Petitioner's unsupported assertions that he demonstrated cause and prejudice sufficient to excuse his procedurally defaulting 11 of his 13 claims.

[6] The vast majority of these objections involve arguments that the Magistrate Judge incorrectly determined that Petitioner procedurally defaulted 11 of his 13 claims by failing to raise them to the highest state court to adjudicate his direct appeal or his PCR proceeding. His remaining arguments regarding the two claims that the Magistrate Judge addressed on the merits either were correctly rejected by the Magistrate Judge or do not challenge her reasons for recommending denial.

not raising it in the appropriate state court. However, Petitioner objects to this determination, arguing that he raised the claim on direct appeal. (ECF No. 68 at 2 (citing ECF No. 46-2 at 8-20).) In his *pro se* brief to the South Carolina Court of Appeals—on which the Magistrate Judge relied in determining that Petitioner had exhausted claims under Grounds Nine and Eleven (ECF No. 58 at 24)—Plaintiff stated the issue on appeal:

> The lower court erred in allowing arresting officer to make an illegal arrest without probable cause, which result from illegal detention, illegal search and illegal seizure of an unlawful arrest and denial of motion to suppress. *State failed to prove actual possession by defendant of crack cocaine and marijuana found in bag on ground near where defendant was apprehended, state failed to prove constructive possession by defendant of crack cocaine and marijuana, defendant was entitled to judgment of acquittal* Appellant raise the facts, errors and prejudice on the grounds of false testimonies of witnesses, grounds of violation of motion in limine, hearsay evidence and money as evidence. The lower court erred in not granting appellant motion to quash the warrants and the defective of the COR code in the indictments. Errors in appellant sentencing sheet for possession with intent to distribute cocaine base.

(ECF No. 46-2 at 8 (emphasis added).) In the argument section of the brief, Petitioner isolated the claim by setting forth the italicized language above as the header of a separate argument. (*Id.* at 12). The court concludes, based on this language, that Petitioner, in fact, raised the claim contained in Ground Ten in his *pro se* brief filed in his direct appeal.

The court further concludes that, by raising the Ground Ten claim on direct appeal, Petitioner satisfied the exhaustion requirement for the claim. First, he received an adverse ruling on the claim from the South Carolina Court of Appeals (ECF No. 46-2 at 23), such that he presented the claim to the highest state court necessary for purposes of exhaustion. *See McKennedy*, 559 S.E.2d at 854; *In re Exhaustion,* 471 S.E.2d 454. Petitioner fairly presented the claim by placing it squarely in the statement of the issue and separately addressing it in a subsection of his *pro se* appellate brief. *See Baldwin*, 541 U.S. at 29. Moreover, the claim Petitioner presented

8

was one for a violation of federal constitutional law. *See West v. Wright*, 931 F.2d 262, 266 (4th Cir. 1991) ("Any challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction."), *rev'd on other grounds Wright v. West*, 505 U.S. 277 (1992). Accordingly, Petitioner satisfied the exhaustion requirement, and denial based on failure to exhaust is inappropriate.

The court notes that Respondent moved for summary judgment with respect to the Ground Ten claim on various grounds, some procedural and some merits-based (*see* ECF No. 46 at 22, 54.), and that the Report and Recommendation does not contain a description of the factual and procedural background from which resolution on these grounds easily could be had. The court also notes that both parties' submissions with respect to the Ground Ten claim are rather terse compared to their discussion on other claims. The court believes it is in the interests of expeditious adjudication for Respondent's summary judgment motion to be denied without prejudice as to Ground Ten so that it may refile the motion and the court may have more fully developed argument on the issue.

### III. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (ECF No. 58). Respondent's Motion for Summary Judgment (ECF No. 47) is **GRANTED IN PART** with respect to Grounds One through Nine and Eleven through Thirteen and **DENIED IN PART WITHOUT PREJUDICE** with respect to Ground Ten. Grounds One through Nine and Eleven through Thirteen of Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) are **DENIED**. This matter is **REMANDED** to the Magistrate Judge for consideration of any further motions and briefings in accordance with this order.

9

**Certificate of Appealability**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

September 30, 2016
Columbia, South Carolina