IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson, #294233, ) | |
| ) | Civil Action No.: 5:14-cv- 04718-JMC |
| Petitioner, ) | |
| v. ) | **ORDER** |
| Joseph McFadden, Warden, ) | |
| Respondent. ) | |

Corey Jawan Robinson ("Petitioner"), a state prisoner incarcerated at Perry Correctional Institution in the South Carolina Department of Corrections, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") on December 15, 2014. (ECF No. 1.)

In 2008, a Grand Jury indicted Petitioner for possession with intent to distribute crack cocaine, possession with intent to distribute marijuana, and assault while resisting arrest at Georgetown County, South Carolina (hereafter "State"). (ECF No. 23-3 at 78, 84, 90.) On March 16, 2009, Attorney C. Reuben Goude represented Petitioner during his trial for these charges. (ECF No. 23-1 at 1.) Petitioner was tried before the Honorable Steven H. John. (*Id*.) After several pre-trial motions were raised during trial and ruled upon by Judge John, Petitioner made a motion to relieve his counsel and proceed *pro se*. (ECF No. 23-1 at 41-50). After questioning Petitioner about this request and informing him of his trial rights, Judge John granted Petitioner's motion to represent himself and relieved Attorney Goude as Petitioner's counsel. (*Id*.)

At the conclusion of Petitioner's trial, a jury found Petitioner guilty of possession with intent to distribute crack cocaine, possession with intent to distribute marijuana, and assault while resisting arrest. (ECF No. 23-3 at 79, 85, 91.) Judge John sentenced Petitioner to fifteen years imprisonment for possession with intent to distribute crack cocaine, ten years imprisonment for

1

possession with intent to distribute marijuana, and ten years imprisonment for assault while resisting arrest. (ECF No. 23-1 at 201.) Judge John ordered the sentences to run concurrently. (*Id.*) Petitioner filed an appeal in the South Carolina Court of Appeals. Deputy Chief Appellate Defender Wanda H. Carter represented Petitioner on direct appeal and filed an *Anders'* appellate brief (ECF No. 23-1 at 205) and Petitioner filed a *pro se* brief (ECF No. 23-2). On March 30, 2015, Petitioner filed a petition for rehearing at the Court of Appeals. (ECF No. 23-5.) On March 30, 2015, the Court of Appeals denied Petitioner's Petition for rehearing (ECF No. 23-6) and remitted his case to the lower court (ECF No. 23-7).

On March 30, 2015, Respondent filed a Return and Motion for Summary Judgment, and the Return was missing a portion of the Appendix. (ECF Nos. 23, 24.) Respondent filed a corrected Return and Motion for Summary Judgment on November 25, 2015. (ECF Nos. 46, 47.) On March 2, 2016, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report") recommending that the court grant Respondent's Motion for Summary Judgment and deny Petitioner's Petition. (ECF No. 58.) Based on the Magistrate Judge's finding that Ground Ten was procedurally barred, she did not review Ground Ten of Petitioner's habeas corpus petition on the merits. (*Id.*) On March 18, 2016, Petitioner filed an Objection ("Objections") to the Magistrate Judge's Report. (ECF No. 64.)

On September 30, 2016, the court reviewed the Objections, Respondent's response (ECF No. 66), and Petitioner's Reply (ECF No. 68), and accepted in part and rejected in part the Magistrate Judge's Report. (ECF No. 71.) The court denied Petitioner's habeas corpus petition on Grounds One through Nine and Eleven through Thirteen of the Petition. (ECF No. 71 at 3.) The court disagreed with the Magistrate Judge's recommendation and discovered that Petitioner presented Ground Ten of his habeas corpus petition in his *pro se* brief on direct appeal. (ECF No. 71 at 8.) The court instructed Respondent to refile the Summary Judgment Motion so that the "court

2

may have more fully developed argument on [Ground Ten] issue." (ECF No. 71 at 9.) The court remanded Petitioner's Petition to the Magistrate Judge for reconsideration of Ground Ten of Petitioner's habeas corpus petition. (*Id*.) In response to the court's Order (ECF No. 71), Respondent filed an amended answer and amended Motion for Summary Judgment on December 2, 2016. (ECF Nos. 77, 78.) The Magistrate Judge now only reconsiders Ground Ten in this Report. In Ground Ten of Petitioner's habeas corpus petition, Petitioner stated that the trial judge erred in not granting his motion for directed verdict and failed to prove actual or constructive possession. (ECF No. 1 at 20.)

The Magistrate Judge's Report and Recommendation, filed on March 30, 2017, recommends that the court deny Petitioner's Petition and grant Respondent's Amended Motion for Summary Judgment. (ECF No. 84.) Petitioner argues that the State failed to present enough evidence, and the trial court should have granted him a directed verdict. However, the Magistrate Judge explained that Petitioner at the close of the State's case moved for a directed verdict, and the trial court denied his motion. (ECF No. 23-1 at 147.) At the close of all evidence Petitioner renewed his motion for a directed verdict at the trial court's suggestion. (*Id*. at 162-63.) The trial court denied Petitioner's renewed motion finding that "there is more than sufficient evidence, if that evidence is so believed by the jury, to convict you of the crimes charged." (*Id.* at 164.) As previously indicated, Petitioner appealed his conviction and sentence to the Court of Appeals. (*Id*. at 203-34.) Specifically, Petitioner's appellate counsel filed an *Anders'* brief on Petitioner's behalf and Petitioner filed a *pro se* brief (ECF No. 23-2). However, the Court of Appeals denied Petitioner's appeal. (ECF No. 23-6 at 1.) Furthermore, the Magistrate Judge reviewed the parties' submissions to the court and determined that Petitioner's Motion for a Directed Verdict was accurately denied because there was more than sufficient evidence of Petitioner's guilt to go to the jury, and Petitioner has not shown that he was denied

3

due process at his trial. (ECF No. 84 at 16.) The Magistrate Judge determined that the witnesses at trial provided testimony to demonstrate Petitioner's constructive possession of drugs. (*Id*.)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report and Recommendation (ECF No. 84 at 18.) However, Petitioner filed no objections to the Report and Recommendation. In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.

(ECF No. 84.) It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and Respondent's Amended Motion for Summary Judgment (ECF No. 78) is **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 7, 2017
Columbia, South Carolina