# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Joseph McFadden, Warden, ) <br> ) <br> ) <br> Respondent. ) <br> _____ ) | Civil Action No.: 5:14-cv-04718-JMC <br><br> **ORDER AND OPINION** |

This matter is before the court on Petitioner Corey Jawan Robinson's ("Petitioner") Motion to Show Cause and Motion to Alter and/or Amend the District [Court's] [August 7, 2017] Final Order (ECF No. 95) accepting the Magistrate Judge's March 30, 2017 Report and Recommendation ("Second Report") (ECF No. 84). (ECF Nos. 105, 106.) For the reasons stated below, the court **GRANTS** Petitioner's Motion to Show Cause and Motion to Alter and/or Amend the court's Order**,** but still **ACCEPTS** the Magistrate Judge's Second Report **GRANTING** Respondent's Motion for Summary Judgment (ECF No. 78) as to Ground Ten and further **DENYING** Petitioner's Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) as to the same. Additionally, the court finds that Petitioner's Motion to Stay Pending Certificate of Probable Cause and Appealability (ECF No. 107) is **MOOT.**

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In 2008, a Grand Jury indicted Petitioner for possession with intent to distribute cocaine base, possession of marijuana with intent to distribute, and assault while resisting arrest in Georgetown County, South Carolina ("the State"). (ECF No. 46-3 at 78, 84, 90.) On March 16, 2009, Petitioner's trial for these charges commenced, and Attorney C. Reuben Goude represented

1

him. (ECF No. 46-1 at 3.) Petitioner was tried before the Honorable Steven H. John. (*Id*.) After Judge John ruled on several motions raised at the beginning of trial, Petitioner made a Motion to Relieve his counsel and proceed *pro se*. (*Id.* at 41-50.) After questioning Petitioner about his Motion and informing him of his trial rights, Judge John granted Petitioner's Motion to represent himself, relieving Attorney Goude as Petitioner's counsel. (*Id*. at 49-50.)

At the conclusion of Petitioner's trial, a jury found Petitioner guilty of possession of crack cocaine with intent to distribute, possession with intent to distribute marijuana, and assault of an officer while resisting arrest. (*Id.* at 194-95.)[1] Petitioner was sentenced to concurrent sentences of fifteen years imprisonment for possession with intent to distribute cocaine base, ten years imprisonment for possession with intent to distribute marijuana, and ten years imprisonment for assault on a police officer while resisting arrest. (*Id.* at 201.)

On March 20, 2009, Petitioner filed an appeal in the South Carolina Court of Appeals. (ECF No. 46-4 at 1.) Deputy Chief Appellate Defender Wanda H. Carter represented Petitioner on direct appeal, filing an *Anders* Brief[2] and a Petition to be Relieved as Counsel on December 29, 2009. (ECF No. 46-1 at 205-213.) On January 12, 2010[3], Petitioner filed a *Pro Se* Appellant

---

[1] The Grand Jury's indictment uses different wording than the jury's verdict and the trial judge's sentencing to describe the charges against Petitioner, specifically as to the distinctions between "cocaine base" and "crack cocaine," or "assault while resisting arrest" and "assault on a police officer while resisting arrest."

[2] *Anders v. State of Cal*., 386 U.S. 738, 744 (1967) ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.")

[3] The Clerk's Office received this Brief on January 19, 2010. The date that a Prisoner mails a document serves as the filing date, not when it is received by the Clerk's Office. *See infra* note 5.

2

Brief. (ECF Nos. 46-2 at 2-22, 46-13.)[4] The South Carolina Court of Appeals dismissed Petitioner's case on April 28, 2011. (ECF 46-2 at 23.) On May 5, 2011, Petitioner filed a Petition for Rehearing (ECF No. 46-5) and it was denied on June 1, 2011. (ECF No. 46-6.)

On December 12, 2014, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On March 30, 2015, Joseph McFadden ("Respondent") filed a Return and Motion for Summary Judgment, but the Return was missing a portion of the Appendix. (ECF Nos. 23, 24.) Respondent filed a corrected Return and Motion for Summary Judgment on November 25, 2015. (ECF Nos. 46, 47.) On March 2, 2016, the Magistrate Judge issued a Report and Recommendation ("First Report") recommending that the court grant Respondent's Motion for Summary Judgment and deny Petitioner's Petition. (ECF No. 58.) On March 14, 2016, Petitioner filed an Objection to the Magistrate Judge's Report. (ECF No. 64.)

On September 30, 2016, the court accepted in part and rejected in part the First Report. (ECF No. 71.) The court denied Petitioner's Habeas Corpus Petition as to Grounds One through Nine and Eleven through Thirteen. (*Id.* at 3.) The court disagreed with the First Report as to the procedural bar on Ground Ten based on its discovery that Petitioner presented Ground Ten in his *pro se* Brief on direct appeal, thus satisfying the exhaustion requirement for his claim. (*Id.* at 8.) The court instructed Respondent to refile his summary judgment motion as to Ground Ten so that the "court may have a more fully developed argument on the issue" and remanded Petitioner's Petition to the Magistrate Judge for reconsideration. (*Id.* at 9.) The court did not grant a Certificate of Appealability. (*Id.* at 10.)

In response to the court's Order (ECF No. 71), Respondent filed an Amended Answer and Amended Motion for Summary Judgment on December 2, 2016. (ECF Nos. 77, 78.) Petitioner

---

[4] ECF No. 46-2 at 2-22 may be hard for readers to understand, thus it was re-attached as ECF No. 46-13.

filed an Amended Response on December 12, 2016. (ECF No. 82.) The Magistrate Judge filed her Report and Recommendation as to Ground Ten on March 30, 2017. (ECF No. 84.) Ground Ten of Petitioner's Petition states that the "trial judge erred in not granting his Motion for Directed Verdict [and that the State failed] to prove that he had actual or constructive possession [of the crack and marijuana found at the scene]." (ECF No. 1 at 20.) The Magistrate Judge recommended that Respondent's Motion for Summary Judgment as to Ground Ten (ECF No. 78) be granted. On April 4, 2017, Petitioner filed an Objection to the Second Report (ECF No. 86), and on April 11, 2017, he filed a Supplement to his Objection. (ECF No. 89.) Respondent responded to Petitioner's Objections (ECF No. 90) and Petitioner replied (ECF No. 91). On August 7, 2017, the court accepted the Magistrate Judge's Second Report granting Respondent's Motion for Summary Judgment, and denying Petitioner's Petition. (ECF No. 95.) Petitioner appealed this Order to the United States Court of Appeals for the Fourth Circuit and it was remanded to this court for a Certificate of Appealability as to Ground Ten, which was subsequently denied. (ECF Nos. 98, 103, 108.)

On August 14, 2017, Petitioner filed a Motion to Show Cause as to the timeliness of his Objections to the Second Report, and also filed a Motion to Alter and/or Amend the court's Order (ECF No. 95). (ECF Nos. 105, 106.) Petitioner additionally filed a Motion to Stay Pending Certificate of Probable Cause and Appealability. (ECF No. 107.)

## II. JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. Petitioner brings his Petition pursuant to 28 U.S.C. §2254, which details remedies in federal courts for those persons in state custody.

4

## III. LEGAL STANDARD

    a. <u>Motion To Alter and/or Amend a Judgment Pursuant to Fed. R. Civ. P. 59(e)</u>

Under Federal Rule of Civil Procedure 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted). It is the moving party's burden to establish one of these three grounds in order to obtain relief under this rule. *Loren Data Corp. v. GXS, Inc.*, 501 Fed. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to this rule is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).

    b. <u>Objections to the Magistrate Judge's Report</u>

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight; the responsibility to make a final determination remains with this court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the report to which specific objections are made, and the court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1). Objections to the Report must, within fourteen (14) days, specifically identify portions of the Report objected to and the basis of those objections. Fed. R. Civ. P. 72(b)(2). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.) The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982).

## IV. ANALYSIS

Petitioner's Motion to Show Cause (ECF No. 105) and Motion to Alter and/or Amend (ECF No. 106) arise from his challenge to the court's finding that he did not file an Objection to the Second Report. (ECF Nos. 84, 95.)

The Second Report was filed on March 30, 2017 and a copy was mailed to Petitioner the same day. (ECF No. 84.) Petitioner had fourteen (14) days after service of the Second Report to object to it, plus an additional three (3) days if he was served by mail, which occurred here, thus he had to submit objections by April 16, 2017. (ECF No. 84-1.) Petitioner mailed his Objection on April 4, 2017 and a Supplement to his Objection on April 11, 2017, and they were received by the Clerk's Office on April 10 and April 19, 2017, respectively. (ECF Nos. 86, 89.) Therefore, Petitioner timely filed his Objection and his Supplement. *See United States v. McNeill,* 523 F. App'x 979, 982 (4th Cir. 2013) (court finding that the "prison mailbox rule"[5] should apply to plaintiff mailing his petition before the end of the applicable limitations period.)

The court's August 7, 2017 Order incorrectly stated that Petitioner filed no objections to the Second Report. (ECF No. 95 at 4.) Petitioner's timely objections to the Second Report should

---

[5] *See also Houston v. Lack,* 487 U.S. 266, 275 (1988) (a *pro se* prisoner's legal papers are deemed filed when they are received in the prison mailroom, not the Clerk's office).

have been considered in the court's Order, and not considering them was a clear error of law. (ECF No. 106 at 1.) The court now considers them and in doing so grants Petitioner's Motions to Show Cause and Alter and/or Amend the court's Order. (ECF Nos. 105, 106.)

Petitioner objects to the Analysis portion of the Second Report, specifically stating that "In the [Second] Report the Magistrate Judge overlooked these [sic] clear and convincing evidence that no rational trier of fact could prove Deputy Seale knew where drugs was found" and that "none of the evidence used by the Magistrate Judge on pages sixteen (16) and seventeen (17) of the [Second Report] can be used to show he had drugs." (ECF No. 86 at 4.) Petitioner further objects stating, "[t]he [Second] Report is not based on clear and convincing facts," because Agent Geno "cannot testify" to the fact of whether or not the drugs were Petitioner's because he testified that "[Petitioner] was taken into custody before [he got there]." (*Id.*) Lastly, Petitioner objects that the Magistrate Judge did not state "facts of where the money was found" as stated on page seventeen (17) of the Second Report. (*Id.* at 4-5.)

Petitioner's objections focus on what evidence the Magistrate Judge used to make her Recommendation. At the end of the State's case against Petitioner, the trial court indicated that it would be appropriate to make certain motions, such as a Motion for Directed Verdict. (ECF No. 46-1 at 147.) Petitioner made this Motion and it was denied on the basis that the court looks at "the existence of evidence, not [ ] its weight" and that there was "sufficient evidence, which if . . . believed by the jury, [ ] would sustain the conviction of [Petitioner] regarding all [ ] matters charged beyond a reasonable doubt [.]" (*Id.*) After all of the trial evidence was submitted, Petitioner renewed his Motion for Directed Verdict, and it was denied again on the same grounds. (*Id*. at 165-66.) The Magistrate Judge reiterated the point regarding the existence of evidence over

7

the weight of evidence in the Second Report, and also found that there was "sufficient evidence of Petitioner's guilt to go [to] the jury." (ECF No. 84 at 17.) The court agrees with these findings.

Petitioner states that Deputy Seale could not know where the drugs were found because he did not find them, Agent Geno did, and that Deputy Seale's story about where the drugs were found is "false." (ECF No. 86 at 4.) Petitioner argues about conflicting testimony in that Deputy Seale testified that the drugs were found in "the briars and brush" while Agent Geno testified that they were found "on the ground." (*Id.*) The record records that Deputy Seale testified that, after Petitioner was taken into custody, he showed "several other officers where [he and Petitioner] were struggling" and he asked Agent Geno to "look for any contraband that might have been dropped or came out while [he and Petitioner] were struggling [.]" (ECF No. 46-1 at 86-87.) Deputy Seale noted that the area where he and Petitioner were struggling had "dirt kicked up" and you could tell where the fight had been. (*Id.*) Deputy Seale further testified that he was within "25 yards of Agent Geno" and that ". . . [Agent Geno] located the crack cocaine and the marijuana in the immediate area where [he and Petitioner] were struggling, and he immediately came back and told me. [He then placed the drugs along with a shirt and a [do-] rag in an evidence bag]." (*Id.* at 87, 113-114.) Deputy Seale further acknowledged that he did not see Petitioner "drop anything" or "throw anything." (*Id.* at 106.)

Money was also recovered from the scene, $505.06 in total. (*Id*. at 112, 114.) Agent Geno testified that he believed the money came out of Petitioner's pocket. (*Id.* at 111.) Petitioner finds issue with the alleged inconsistency of Agent Geno's testimony, in that the money was recovered from the scene, but also from Petitioner's pocket, specifically because he was in custody before Agent Geno got there. (ECF No. 86 at 4-5.)

8

After careful review of the Record and both Parties' submissions, the court finds that Deputy Seale's testimony detailing how the drugs were found, along with other testimony in the trial, present sufficient enough evidence for a jury to find that Petitioner could be found guilty of the crimes charged. Any inconsistency or alleged "falsity" of Deputy Seale's testimony goes to the weight of the evidence and not its existence. Petitioner's argument about the inconsistency in Agent Geno's testimony as to where the money was found also goes to the weight of the evidence and not its existence. Moreover, the money does not mitigate Petitioner's "actual or constructive" possession of the drugs. For these reasons, Petitioner's objections are overruled.

## V. CONCLUSION

Based on the reasons stated above, the court **GRANTS** Petitioner's Motion for an Order to Show Cause (ECF No. 105) and Motion to Alter and/or Amend this court's August 7, 2017 Order (ECF No. 106). The court further **ACCEPTS** the Magistrate Judge's Second Report (ECF No. 84) **GRANTING** Respondent's Amended Motion for Summary Judgment (ECF No. 78) as to Ground Ten and further **DENYING** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) as to the same. Petitioner's Motion to Stay Pending Certificate of Probable Cause and Appealability (ECF No. 107) is **MOOT.**

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As to Ground Ten of Petitioner's Petition, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 12, 2017
Columbia, South Carolina